IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01911–WYD–KMT

ANNETTE GRANATO,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

---

# ORDER

---

This matter is before the court on "Costco Wholesale Corporation's Motion for Extension of Time and for Leave to Designate Vitek Inc.as a Non-Party at Fault" (Doc. No 29 [Mot.], filed April 3, 2017). Plaintiff filed her response on April 6, 2017 (Doc. No. 31 [Resp.]), and Defendant filed its reply on April 12, 2017 (Doc. No. 33 [Reply]).

## FACTUAL BACKGROUND

This is a premises liability case arising out of an incident that occurred on December 23, 2014, at a Wholesale Warehouse operated by Defendant Costco Wholesale Corporation in Douglas County, Colorado ("Costco"). (*See* Doc. No. 1 [Compl.].) Plaintiff alleges she was injured on that date when a box containing a large-screen television fell and hit her. (*Id.*, ¶ 7.) Plaintiff subsequently underwent a bilateral jaw replacement surgery on May 27, 2015, a

revision surgery to correct her jaw alignment on December 29, 2015, and other treatment she relates to the Costco incident. (Mot., ¶ 1.)

## ANALYSIS

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The "Erie doctrine," as it has come to be known, has been interpreted to mean that federal courts are to apply state substantive law, but federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In this case, this court will apply state law with respect to the timeliness and adequacy of notice pursuant to Colo. Rev. Stat. § 13–21–111.5(3)(b). *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407 (D. Colo. 1993).

Colo. Rev. Stat. § 13–21–111.5(3)(b) provides, the "[n]egligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." Upon such a designation, the jury may consider those nonparties when apportioning liability at trial. *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591–592 (Colo. App. 2007); *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). Nonparty designation "ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

Plaintiff commenced this action on September 3, 2015. (Compl.) Thus, any designation of nonparties of fault should have been filed on or before December 2, 2015. Defendant states it did not timely file its designation because of delays in discovery, a need to investigate Plaintiff's

complex medical issues, and in order to obtain the necessary factual support regarding the proposed designation of Vitek, a manufacturer of Proplast Teflon implants previously implanted in Plaintiff's jaw. (Mot., ¶¶ 15, 19.) Defendant seeks to designate Vitek as a non-party at fault, alleging its product was defective and caused or contributed to Plaintiff's injuries and damages. (*Id.*, ¶ 17.)

Plaintiff argues that Defendant has not shown good cause for the late designation and that granting the untimely designation will impose a burden on the efficient progress of this litigation. (Resp., ¶ 13.) When considering the propriety of an extension of time pursuant to Colo. Rev. Stat. § 13–21–111.5(3)(b),

> [t]he Colorado Supreme Court has identified three factors to be considered in determining whether to extend the 90 day period: (1) whether the neglect was excusable; (2) whether the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations.

*Daugherty v. Bissell*, Case No. 08–cv–01931–WYD–BNB, 2009 WL 2853108, at *2 (D. Colo. Sept. 1, 2009) (quoting *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001)). The moving party has the burden of demonstrating the "necessity" for the requested extension of time to file a designation of nonparties. *See Redden*, 38 P.3d at 84 (rejecting an untimely designation of nonparties where the movant "made no effort to justify the late filing or support it with specific good cause").

Here, Defendant states that after the Scheduling Conference on June 21, 2016, the parties began discussing a course of discovery and set a settlement conference. (Mot., ¶ 3.) On September 27, 216, Plaintiff advised Defendant that Dr. Wolford, Plaintiff's oral surgeon, recommended a third surgery to be performed near the end of 2016. (*Id.*, ¶ 4.) Plaintiff

3

suggested that mediation and case deadlines be extended, and she filed a motion to extend the deadlines (Doc. No. 21), which this court granted the same day the motion was filed, on October 7, 2016 (Doc. No. 23). (Mot., ¶¶ 4–6.) On December 15, 2016, Plaintiff advised Defendant that Dr. Wolford was no longer recommending additional surgery, and the parties scheduled Plaintiff's deposition for February 8, 2017, and Dr. Wolford's deposition for March 8, 2017. (*Id.*, ¶ 7.)

Plaintiff argues that Plaintiff provided Defendant with Dr. Wolford's records on November 30, 2015, as part of her initial disclosures, that the records refer to Plaintiff's previous Proplast-Teflon implants, and that Defendant "could have easily" learned of the problems with the implants "simply by conducting basic internet research." (Resp., ¶ 3–5.) The court agrees with Defendant, however, that because a non-party designation "is a pleading invoking Rule 11's reasonable factual investigation requirements," *Redden*, 38 P.3d at 84, Defendant could not have designated Vitek without investigation and without deposing Dr. Wolford. (*See* Reply, ¶¶ 6–7.) It is disingenuous for Plaintiff to suggest that Defendant should have known to designate Vitek by a review of the initial disclosures, in which, according to Defendant, the words "Proplast Teflon" were contained on two pages among over a thousand pages of medical documents. (*See id.* ¶ 8.)

The court finds, based on the procedural history of this case and the delays necessitated by Plaintiff's own medical procedures, Defendant has shown excusable neglect in seeking the extension for the nonparty designation. The court recognizes that the deadline for the parties to exchange affirmative expert witness disclosures is set at May 1, 2017, and that the deadline for discovery is set at June 30, 2017. (Doc. No. 23.) However, to the extent the parties require

additional time to designate experts or to conduct discovery after the designation, they may seek leave of the court to extend those deadlines, as no trial date has been set. Courts have supported more latitude in filing the initial notice of non-party liability under these circumstances. *Antolovich*, 183 P.3d at 592–93.

The court finds that extending the deadline beyond the statutory ninety day period is reasonable and consistent with equitable considerations. *Cf. Redden, supra*, 38 P.3d at 83–84 (trial court did not abuse its discretion in refusing to accept nonparty designations filed "nearly six months after the statutory deadline, and twenty-one days after the court-ordered deadline"); *Chavez v. Parkview Episcopal Med. Ctr.*, 32 P.3d 609, 611 (Colo. App. 2001) (trial court did not err in refusing to accept nonparty designations filed "seven months after the case was initiated").

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that ""Costco Wholesale Corporation's Motion for Extension of Time and for Leave to Designate Vitek Inc.as a Non-Party at Fault" (Doc. No 29) is **GRANTED**. Defendant may file its Designation of Nonparty at Fault no later than April 24, 2017.

Dated this 20th day of April, 2017.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge